IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLAY MEANS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>STATE OF ALABAMA; and the )<br>ATTORNEY GENERAL FOR THE )<br>STATE OF ALABAMA, )<br>)<br>Respondents. ) | CASE NO.  2:13-cv-472-RBP-TMP |

REPORT AND RECOMMENDATION

The petitioner, Clay Means, filed his petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on February 28, 2013,[1] challenging his 1977 conviction and five-year sentence for the offenses of robbery and illegal possession of a controlled substance, to which he pleaded guilty.  Almost twenty years later, in 1996, the conviction was used to enhance petition's sentence in this court to life in prison following his convictions for conspiracy to possess and distribution of large quantities of cocaine, marijuana, and prescription drugs. Petitioner now contends that the 1977 conviction is due to be vacated on several grounds.  Because the petition is plainly meritless for several reasons, it is due to be denied and dismissed without the necessity of a response.  See Rule 4, Rules Governing § 2254 Proceedings.

---

[1] Although the Clerk received the petition and docketed it on March 8, 2013, it is deemed filed under the prison mailbox rule on the date petitioner delivered it to prison officials for mailing. As the petition was signed on February 28, 2013, this is the earliest date petitioner could have given it to prison officials for mailing.

1

First, although petitioner meets the "in custody" requirement of § 2254 because he alleges his current federal sentence was enhanced on the basis of the 1977 conviction, he cannot obtain *habeas* relief with respect to the prior conviction. The Supreme Court has stated the rule that once a prior conviction, for which the sentence has expired, is no longer subject to challenge in state court, it is "conclusively valid," and the enhanced sentence cannot be attacked on the ground that the prior conviction used to enhance the sentence is itself unconstitutional. The Court has written the following:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. See *Daniels, post,* at 382, 121 S. Ct. 1578. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-04, 121 S. Ct. 1567, 1574, 149 L. Ed. 2d 608 (2001), citing Daniels v. United States, 532 U.S. 374, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001). The only exception to this general rule is for petitions that challenge "an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963)." Id. at 404, 121 S. Ct. at 1574. Because petitioner does not allege that he was completely deprived of counsel at the time of his 1977 convictions (indeed, one of the grounds he alleges is ineffective

2

assistance of his then-attorney, Mark Polson), the exception does not apply, and petitioner cannot challenge the 1977 conviction in this action.

Second, even if the rule in <u>Lackawanna</u> did not preclude a challenge to the 1977 conviction, the petition would be time barred under 28 U.S.C. § 2244(d)(1) in any event. The provision, enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996, established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, as set forth below:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).

It is clear that, under subsection (d)(1)(A), the instant petition would be time-barred, because it was filed more than a year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" as set forth in § 2254(d)(1)(A). Courts have consistently held that petitioners with convictions that became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act should not be time-barred by § 2244(d) until they have had a "reasonable" time[2] after its adoption to file their *habeas* petitions. The Eleventh Circuit Court of Appeals in 1998 held that a "reasonable" time is one year from the date of enactment of the AEDPA, and further noted that the deadline for petitioners whose convictions became final before the AEDPA was enacted was April 23, 1997. Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998). More recently, however, the Eleventh Circuit Court of Appeals clarified its holding and stated that, because Federal Rule of Civil Procedure 6(a) applies to the effective date, the limitation period expired on April 24, 1997, one day later than previously described. Moore v. Campbell, 344 F.3d 1313, 1319 (11th Cir. 2003). Consequently, petitions for those whose convictions were final before the AEDPA was adopted can be filed until April 24, 1997, one year after the AEDPA's adoption. Even giving this petitioner the benefit of that grace period, his *habeas* petition still is untimely because he waited until 2013, almost 17 years after AEDPA's enactment, to file his *habeas* petition in this court.

The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court. In the instant case, petitioner has not sought any relief pursuant to Rule 32. Furthermore, to the extent that any of the

---

[2] *See generally*, Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands, 461 U.S. 273, 286 n.23, 103 S. Ct. 1811, 1819 n.23, 75 L. Ed. 2d 840 (1983) (citing Texaco, Inc. v. Short, 454 U.S. 516, 527 n. 21, 102 S. Ct. 781, 791 n.21, 70 L. Ed. 2d 738 (1982)).

4

motions he filed in 2012 could be deemed to be Rule 32 petitions, they were filed years after the AEDPA limitations period had expired, and thus there was no time period left to toll. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). Consequently, the petition is time-barred under a straight application of § 2244(d).

An exception to the time limitation of § 2244(d) may be found in the doctrine of equitable tolling. The Eleventh Circuit Court of Appeals has recognized that the limitations period under § 2244(d)(1) may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F. 3d 1269, 1271 (11th Cir. 1999). The court went on to note that equitable tolling is an "extraordinary remedy" and cautioned that it is to be "applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)(citing Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)). Other circuits likewise have restricted the use of equitable tolling to instances that are "extraordinary," "rare," and "beyond the control" of the petitioner. See Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1216, n.1 (11th Cir. 2000), and cases cited therein.

It is clear that equitable tolling is available only where "extraordinary circumstances" have prevented the timely filing and the movant has been "otherwise diligent." Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1312-13 (11th Cir. 2001). To establish diligence a petitioner must "present evidence showing reasonable efforts to timely file his action." Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004), aff'd, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). Petitioner has not presented any evidence or argument that he is entitled to an equitable tolling of the statute of limitation; therefore, the instant petition is due to be dismissed as time barred.

## RECOMMENDATION

Based on the foregoing considerations, the magistrate judge RECOMMENDS that the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the petitioner by mailing it to him at his most recent address.

DATED this 3rd day of June, 2013.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE